Judge N.R. Smith,
dissenting.
I respectfully dissent from the majority’s conclusion that defense counsel’s performance fell below an objective standard of reasonableness as previously defined by precedent.
First, under United States v. Rodriguez-Vega, 797 F.3d 781, 786 (9th Cir. 2015), to meet the objective standard of reasonableness when the defendant is a non-citizen, defense counsel must advise the defendant of the immigration consequences of any criminal charges pending against the defendant, More specifically, “where the law is ‘succinct, clear, and explicit,’ that [a] conviction renders removal virtually certain, counsel must advise his client that removal is a virtual certainty.” Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 368-69, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010)). In addition, defense counsel must “advise the client of ‘the advantages and disadvantages of a plea agreement.’ ” Padilla, 559 U.S. at 370-71, 130 S.Ct. 1473 (quoting Libretti v. United States, 516 U.S. 29, 50-51, 116 S.Ct. 356, 133 L.Ed.2d 271 (1995)).
According to Nuwintore’s own affidavits, his defense counsel spoke to him before the change of plea hearing about the immigration consequences of the plea deal he was presented. Defense counsel specifically showed him the portion of the written plea agreement that stated, “because defendant is pleading guilty to access device fraud with a loss amount over $10,000, removal is presumptively mandatory.” This satisfied the requirements of our precedent.
To reach this decision, the majority strays from our well-established precedent, expands the responsibilities of defense counsel, and suggests that defense counsel must discuss with the client plea deals that were never even offered by the government. Our precedent does not require that defense counsel advise his or her client regarding what other potential government plea deals (not ever offered by the government) will allow the defendant to avoid deportation—or all other immigration consequences. And explaining the advantages and disadvantages of a particular plea agreement the government offered to *181 the defendant does not necessarily entail explaining the advantages and disadvantages of every other possible plea agreement.
Second, the majority faults defense counsel for neglecting to mention that Nu-wintore would suffer a loss of his asylum status pursuant to 8 U.S.C. § 1158(b)(2)(A)(ii), B(i). Nuwintore never asserts that counsel’s failure to inform him specifically about the effect on his asylum status amounted to ineffective assistance of counsel. Nuwintore does assert that he believed his “political asylum status would prevent deportation or removal.” Consistent with this belief, an immigration judge granted his application for withholding of removal based on his past persecution and likely future persecution. I cannot join a disposition determining that defense counsel provided ineffective assistance to Nu-wintore on grounds he never asserted.